UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Wakin Ronny Davenport and Cecilia Josephine Davenport | **Case No :** | 09-46883 - E - 13L |
| | | **Date :** | 2/23/10 |
| | | **Time :** | 01:00 |
| **Matter :** | [16] - Motion/Application to Value Collateral of Jim Toth [MOH-1] Filed by Joint Debtor Cecilia Josephine Davenport, Debtor Wakin Ronny Davenport (jjas) | | UNOPPOSED |
| **Judge :** | Ronald H. Sargis | | |
| **Courtroom Deputy :** | Janet Larson | | |
| **Reporter :** | NOT RECORDED | | |
| **Department :** | E | | |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

MOTION was :
Granted
See Findings of fact and conclusions of law below

Final Ruling: This valuation motion has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). The failure of the Trustee and the respondent creditor to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(ii) is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the Trustee and the respondent creditor are entered, the matter will be resolved without oral argument and the court shall issue its ruling from the parties' pleadings.

The valuation motion pursuant to Federal Rule of Bankruptcy Procedure 3012 and 11 U.S.C. §506(a) is granted.

The Debtors are the owners of the subject real property located at 2655 Cactus Avenue, Chico, California. The Debtors seek to value the property at a fair market value of $270,000.00 as of the petition filing date. Given the absence of contrary evidence, the Debtors' opinion of value is conclusive. See Enewally v. Washington Mutual Bank (In re Enewally), 368 F.3d 1165 (9th Cir. 2004). The first deed of trust secures a loan with a balance of approximately $282,997.00. Therefore, the respondent creditor's claim secured by a junior deed of trust is completely under-collateralized. The creditor's secured claim is determined to be in the amount of $0.00, and therefore no payments shall be made on the secured claim under the terms of any confirmed Plan. See 11 U.S.C. §506(a).

The court will issue a minute order consistent with this ruling.